
IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 5, 2017

## STATE OF TENNESSEE v. TEDRIK WOODS

**Appeal from the Criminal Court for Shelby County
No. 09-06406      W. Mark Ward, Judge**

_____

### No. W2016-01360-CCA-R3-CD
_____

The Petitioner, Tedrik Woods, appeals the Shelby County Criminal Court's summary denial of his motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. Because the Petitioner's three-year sentence for employment of a firearm during the commission of a dangerous felony is illegal, we reverse the judgment of the trial court and remand the case to the trial court for proceedings consistent with Rule 36.1 and this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed
and Remanded**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Tedrik Woods, Only, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Andrew C. Coulam, Assistant Attorney General; Amy P. Weirich, District Attorney General; and D. Gregory Gilbert, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

On September 9, 2011, the Petitioner entered an <u>Alford</u> or "best interest" guilty plea in indictment number 09-06406 to two counts of attempted second degree murder and one count of employment of a firearm during the commission of a dangerous felony.[1] Pursuant to a plea agreement, the trial court sentenced the Petitioner to concurrent eight-year sentences at thirty percent release eligibility for the attempted second degree murder

---

[1] See <u>North Carolina v. Alford</u>, 400 U.S. 25, 37 (1970).

convictions and a consecutive three-year sentence at one hundred percent release eligibility for the firearm conviction.[2]

On May 23, 2016, the Petitioner filed a pro se "Motion to Correct Judgment" pursuant to Tennessee Rule of Criminal Procedure 36.1. In the motion, the Petitioner cited Tennessee Code Annotated section 39-17-1324(c), which states that a person may not be charged with possession or employment of a firearm offense pursuant to Code sections 39-17-1324(a) or (b) "if possessing or employing a firearm is an essential element of the underlying dangerous felony as charged." The Petitioner alleged that he was erroneously charged with employment of a firearm during the commission of a dangerous felony because the factual allegations supporting his two charges for attempted second degree murder were that the Petitioner shot the victim one time in the arm. He claimed that because possessing or employing a firearm was an essential element of his attempted second degree murder charges based on these factual allegations, his plea agreement was void, and his three-year sentence for employment of a firearm during the commission of a dangerous felony should be reversed and dismissed.

On June 1, 2016, the trial court entered an order summarily denying the motion because it failed to state a colorable claim for relief. The Petitioner, proceeding pro se, filed a timely appeal from this order.

## ANALYSIS

On appeal, the Petitioner argues that the trial court erred in summarily denying his motion on the basis that it failed to state a colorable claim. He also reiterates the allegation that his three-year sentence for employment of a firearm during a dangerous felony is illegal because employing a firearm was an essential element of his attempted second degree murder convictions. The Petitioner asks that his illegal three-year sentence for the firearm conviction be "corrected, modified, and/or voided" because "it is

---

[2] The transcript from the plea submission hearing shows that the Petitioner simultaneously entered a guilty plea in indictment number 09-04391 to facilitation of first degree murder, for which he received a fifteen-year sentence at thirty percent release eligibility; attempted especially aggravated robbery, for which he received an eight-year sentence at thirty percent eligibility; and convicted felon in possession of a handgun, for which he received a sentence of one year at thirty percent release eligibility. The trial court ordered the sentences for the convictions in indictment number 09-04391 served concurrently with the Petitioner's two convictions for attempted second degree murder in indictment number 09-06406 but ordered the employment of a firearm during the commission of a dangerous felony conviction in indictment number 09-06406 served consecutively to the other sentences, for an effective sentence of eighteen years. Judgments for the sentences imposed in indictment number 09-04391were not included in the appellate record.

impermissible" under Code section 39-17-1324(c)" and because "the trial court lacked the statutory authority to impose such a sentence." The State responds that the Petitioner has failed to present a colorable claim for relief. Specifically, it asserts that Rule 36.1 cannot be used to attack an underlying conviction and that employing a firearm is not an element of the offense of attempted second degree murder. Because the uniform judgment document shows that the Petitioner's three-year sentence for employment of a firearm during the commission of a dangerous felony is illegal on its face pursuant to the mandate in Code section 39-17-1324(h)(1) (Supp. 2008), we reverse the order summarily denying the Rule 36.1 motion and remand the case to the trial court for proceedings consistent with Rule 36.1 and this opinion.

Pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure, "[e]ither the defendant or the state may, at any time, seek the correction of an illegal sentence." Tenn. R. Crim. P. 36.1(a)(1). "For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2). A petitioner is only entitled to a hearing and appointment of counsel "[i]f the motion states a colorable claim that the unexpired sentence is illegal." Tenn. R. Crim. P. 36.1(b)(3); see State v. Brown, 479 S.W.3d 200, 211 (Tenn. 2015) (stating that "a Rule 36.1 motion may be summarily dismissed for failure to state a colorable claim if the alleged illegal sentence has expired."). A colorable claim is "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." State v. Wooden, 478 S.W.3d 585, 593 (Tenn. 2015). Whether a motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law, which this court reviews de novo. Id. at 589 (citing Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007)).

The Petitioner, in his Rule 36.1 motion, alleged that his three-year sentence for employment of a firearm during a dangerous felony is illegal because employing a firearm was an essential element of his attempted second degree murder convictions. The Petitioner attached to his motion the plea agreement as well as the judgment showing the three-year sentence for the employment of a firearm during the commission of a dangerous felony. This court has consistently held that while Rule 36.1 provides a method for correcting allegedly illegal sentences, it does not provide a method for seeking the reversal of convictions. State v. John Armstrong, No. W2016-00082-CCA-R3-CD, 2016 WL 5210869, at *1 (Tenn. Crim. App. Sept. 20, 2016); State v. Jimmy Wayne Wilson, No. E2013-02354-CCA-R3-CD, 2014 WL 1285622, at *2 (Tenn. Crim. App. Mar. 31, 2014) (citing Cantrell v. Easterling, 346 S.W.3d 445, 455-56 (Tenn. 2011)). Moreover, it is well established that employing a firearm is not an essential element of attempted second degree murder. State v. Roy Demond Duncan, No. W2012-00834-CCA-R3-CD, 2013 WL 2490551, at *5 (Tenn. Crim. App. June 7, 2013); State v. Frederick Edward Braxton, No. M2009-01735-CCA-R3-CD, 2011 WL 3809773, at *17

(Tenn. Crim. App. Aug. 26, 2011); State v. Henry Cooper, No. W2006-02482-CCA-R3-CD, 2008 WL 169648, at *9 (Tenn. Crim. App. Jan. 16, 2008); State v. Joe Mitchell, No. W1999-06610-CCA-R3-CD, 2000 WL 633340, at *7 (Tenn. Crim. App. May 12, 2000). Therefore, at first glance, the Petitioner's pro se motion did not appear to state a colorable claim for Rule 36.1 relief.

However, we simply cannot ignore the fact that the Petitioner received an illegal sentence of three years for his guilty plea to employment of a firearm during the commission of a dangerous felony. The transcript from the plea submission hearing, which was included in the appellate record, clearly shows that the Petitioner entered a guilty plea to employment of a firearm during the commission of a dangerous felony and that the trial court sentenced him to three years pursuant to the plea agreement. The Petitioner committed the employment of a firearm offense on February 6, 2009. At the time of this offense, Code section 39-17-1324(h)(1) provided, as it does now, that "[a] violation of [Code section 39-17-1324(b)] is a Class C felony, punishable by a mandatory minimum six-year sentence to the department of correction." T.C.A. § 39-17-1324(h)(1) (Supp. 2008) (emphasis added). Therefore, while the trial court properly determined that the sentence for the firearm offense was required to be served at one hundred percent and consecutively to any other sentence pursuant to Code sections 39-17-1324(e)(1), (2), it erroneously sentenced the Petitioner to three years rather than six years for this offense, which results in an illegal sentence. Having found that the Petitioner's judgment form, which reflected a three-year sentence for this offense, is illegal on its face, we are obliged to remand the case to the trial court for further proceedings.

The record shows that the Petitioner's illegal three-year sentence in indictment number 09-06406 has not expired. Therefore, on remand, the trial court must follow the procedure established in the recently amended Rule 36.1(c)(3):

> With or without a hearing, if the court determines that the illegal sentence was entered pursuant to a plea agreement, the court shall determine whether the illegal aspect of the sentence was a material component of the plea agreement.
>
> (A) If the illegal aspect was not a material component of the plea agreement, the court shall file an order granting the motion and also shall enter an amended uniform judgment document, see Tenn. Sup. Ct. R. 17, setting forth the correct sentence.
>
> (B) If the illegal aspect was a material component of the plea agreement but the illegal aspect was to the defendant's benefit, the court shall enter an order denying the motion.

- 4 -

(C) If the illegal aspect was a material component of the plea agreement and the illegal aspect was not to the defendant's benefit, the court shall give the defendant an opportunity to withdraw his or her plea. If the defendant chooses to withdraw his or her plea, the court shall file an order stating its findings that the illegal aspect was a material component of the plea agreement and was not to the defendant's benefit, stating that the defendant withdraws his or her plea, and reinstating the original charge against the defendant. If the defendant does not withdraw his or her plea, the court shall file an order granting the motion and also shall enter an amended uniform judgment document, <u>see</u> Tenn. Sup. Ct. R. 17, setting forth the correct sentence.

Tenn. R. Crim. P. 36.1(c)(3) (amendment effective July 1, 2016). To reiterate, if the trial court determines that the illegal three-year sentence was a material component of the plea agreement but the illegal sentence was <u>to the Petitioner's benefit</u>, the court shall enter an order denying the motion rather than entering an amended judgment document setting forth a sentence of six years. Tenn. R. Crim. P. 36.1(c)(3)(A), (B). The trial court, in its order granting or denying the motion, must set forth its findings of fact and conclusions or law regarding the Petitioner's illegal three-year sentence. Tenn. R. Crim. P. 36.1(e). Upon the filing of the trial court's amended uniform judgment document or upon the filing of an order denying the motion, the Petitioner or the State may initiate an appeal as of right pursuant to Tennessee Rule of Appellate Procedure 3. Tenn. R. Crim. P. 36.1(f).


## <u>CONCLUSION</u>

Based on the aforementioned authorities and reasoning, we reverse the judgment of the trial court and remand the case for proceedings consistent with Rule 36.1 and this opinion.

_____
CAMILLE R. McMULLEN, JUDGE